UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA                                       PLAINTIFF

v.                                        CRIMINAL NO. 5:22-CR-00028-BJB

**ROBERT BLAINE**                                       DEFENDANT

## SENTENCING MEMORANDUM
*-Filed Electronically-*

The United States of America, by counsel, files this memorandum in support of sentencing in this action currently scheduled for May 5, 2025. The United States has no objections to the presentence investigation report and will not call any witnesses at the sentencing hearing.

## PROCEDURAL HISTORY

Robert Blaine ("defendant"), was initially indicted by a federal Grand Jury on October 19, 2022. Ultimately, the fourth superseding indictment was filed on October 17, 2023, charging the defendant with one count of conspiring to possess with the intent to distribute methamphetamine and fentanyl and seven counts of money laundering. The Indictment also put the defendant on notice of several sentencing enhancements pursuant to 21 U.S.C. § 851.

On January 23, 2025, the defendant was convicted on all counts after a jury trial.

## OFFENSE CONDUCT

The United States agrees with the offense conduct as set forth in the PSR, with the exception of paragraph 28. [DN 263, ¶15-35]. The wire transfer occurring on January

6, 2021, was for $1,500.00, as the proof established at trial. All other amounts remain the same.

## GUIDELINES CALCULATION

The United States agrees with the guidelines calculation and criminal history computation contained within the PSR. Accordingly, the United States agrees with a base offense level of 43 and a criminal history category of VI which produces a guideline imprisonment range of life in prison. [DN 263, ¶112].

## SENTENCING FACTORS

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

. . .

(5)   any pertinent policy statement--

. . .

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

On October 14, 2014, the defendant was convicted of distributing cocaine base in the Western District of Kentucky. He was committed to the bureau of prisons for a term of 115 months with 5 years of supervised release to follow. The defendant was released from federal prison on May 27, 2020. While serving that sentence, and immediately thereafter, the defendant became involved in the instant offenses, conspiring to distribute narcotics and money laundering in support of the conspiracy.

According to the proof at trial, while in federal prison, a fellow inmate linked the defendant to a source of supply for narcotics. When the defendant was released from prison, he contacted the inmate but was instead put in touch with Jessica Ochoa, a source living in Arizona. The defendant admitted that, prior to obtaining narcotics from Ochoa, he received 4 ounces of cocaine from another source that he distributed while still living in a federal halfway house. Thereafter, the defendant began obtaining fentanyl pills from Ochoa to distribute. When the defendant received his first shipment of pills, he was still on home confinement from his 2014 federal conviction.

During the pendency of the conspiracy, the defendant received numerous shipments of fentanyl pills through the mail. He would have the pills delivered to various residences and people throughout Hopkinsville. By his own admission, he received 500 to 3,000 pills per shipment. The defendant would pick the parcels up and distribute them to others who would sell the pills for him. The defendant would then collect the proceeds

of the drug sales and deposit them into a known account for the source of supply, or have others do the same.  The defendant also wired money and sent CashApp payments to the source, and to others on behalf of the source.  The defendant also mailed the source of supply approximately $36,960.00 on one occasion as proceeds of their illegal drug sales and in furtherance of the overall conspiracy.

In January of 2022, the defendant arranged for Roderick Tutt to travel to Arizona to pick up fentanyl pills from Ochoa.  Tutt's orders from the defendant were to get the pills, pay Ochoa, and drive them back to the defendant where they would be divided up for distribution.  The defendant admittedly paid Tutt $10,000.00 to make the trip.  He also sent a photo of the location where Tutt was to meet Ochoa to obtain the drugs.  On January 21, 2022, after meeting with Ochoa in Phoenix, Tutt stopped at a casino on the Tonto Apache Indian Reservation.  Tutt and a passenger were stopped by officers outside of the casino and a probable cause search of the vehicle resulted in the seizure of 2,059 fentanyl pills and approximately 8 kilograms of methamphetamine.  Subsequently obtained location data confirmed that Tutt and Ochoa met in the vicinity of the meeting location arranged by the defendant prior to the drugs being seized by law enforcement.

On October 25, 2022, after obtaining a federal warrant for the defendant's arrest, agents observed him leave his residence in a vehicle.  Agents attempted to stop the vehicle, but the defendant fled at a high rate of speed.  The vehicle was later found abandoned in the roadway.  The defendant ultimately turned himself in and was served with the federal arrest warrant.  The defendant admitted to conspiring with Tutt, Ochoa, and others to obtain and distribute narcotics.  He also admitted to wiring, depositing, and mailing money to Ochoa and others as payment for the narcotics.  The defendant was subsequently convicted on all counts following a jury trial.

Blaine has objected to nearly every line of the PSR. His objections are contrary to the facts and law. While Blaine disagrees with the jury's guilty verdicts as to all counts, the United States believes the PSR is factually and legally accurate.

The conduct in this case is serious and deserving of a serious sentence. The mandatory minimum sentence allowed by law is 25 years, with a maximum possible sentence of life in prison. While the guideline calls for a sentence of life imprisonment, it is the position of the United States that a sentence of 360 is sufficient but not greater than necessary to comply with the sentencing purposes set forth herein.

## CONCLUSION

It is the position of the United States that a sentence of 360 months would accomplish the sentencing purposes of 3553(a). Therefore, should the Court also agree, the United States respectfully requests that the Court impose such a sentence, which is sufficient, but not more than necessary to satisfy the above factors.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*/s/ Leigh Ann Dycus*
Leigh Ann Dycus
Assistant U.S. Attorney
501 Broadway, Suite B29
Paducah, Kentucky  42001
270-816-3354
leigh.ann.dycus@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Counsel of Record.

*/s/ Leigh Ann Dycus*
Assistant U.S. Attorney